*540
SUMMARY ORDER

De Jian Zheng, a native and citizen of the People’s Republic of China, seeks review of a February 6, 2008, order of the BIA affirming the July 31, 2006 decision of Immigration Judge (“IJ”) Terry A. Bain denying his application for asylum and withholding of removal. In re De Jian Zheng, No. A73 167 498 (B.I.A. Feb. 6, 2008), aff'g Nos. A73 167 498 (Immig. Ct. N.Y. City July 31, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law, including what quantum of evidence will suffice to discharge an applicant’s burden of proof. See, e.g., Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 117 (2d Cir.2007).
This Court has acknowledged that “[w]hile consistent, detailed, and credible testimony may be sufficient to carry the alien’s burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected.” See Diallo v. INS, 232 F.3d 279, 285-86 (2d Cir.2000) (citing 8 C.F.R. §§ 208.13(a), 208.16(b)); Matter of S-M-J-, 21 I. & N. Dec. 722, 724 (BIA 1997). Before denying an application for asylum for a lack of sufficient corroboration, the IJ must first identify the particular pieces of missing, relevant evidence, and show that this evidence is reasonably available to the applicant. See Diallo, 232 F.3d at 289-90; Jin Shui Qiu v. Ashcroft, 329 F.3d 140, 153 (2d Cir.2003), overruled in part on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 309-10 (2d Cir.2007). Here, the IJ properly found that Zheng’s failure to corroborate his claim rendered him unable to discharge his burden of proof. See Diallo, 232 F.3d at 287.
The IJ specifically found that Zheng failed to submit his identification card, his marriage certificate, his divorce certificate, photographs, a sterilization certificate, or any evidence of the fine that the government allegedly imposed. These documents would have provided corroboration of the central elements of Zheng’s claim, i.e., that he had been married and had two children with his wife, in violation of the Chinese family planning policy, and that the government forcibly sterilized his wife, threatened to sterilize him, and fined them as a result. Zheng asserts that the IJ’s finding was erroneous, as he sufficiently explained that he was unable to obtain any documents from his wife or his children because he is estranged from his now ex-wife. This argument is unavailing. While the IJ acknowledged the difficulty that Zheng may have faced because of his divorce, she reasonably noted that Zheng’s mother is in China and that it was thus “unclear why no documents have been submitted that the Court would expect in a case like this.” See Diallo, 232 F.3d at 289-90. When asked why his mother could not send him any of these documents, Zheng was unable to provide any explanation, offering only that he did ask her but she could not get them.
Indeed, the only document Zheng submitted that even arguably corroborated his claim was a letter from his mother. However, the IJ properly assigned little weight to this document, finding that it does not mention that the government sought his sterilization after his wife was sterilized. *541 See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant’s evidence in immigration proceedings lies largely within the discretion of the IJ); see also Matter of S-M-J-, 21 I. & N. Dec. at 724.
Because Zheng’s failure to corroborate his claim was a proper basis for the IJ to deny his application for asylum, we need not consider his other arguments. See Jin Shui Qiu, 329 F.3d at 153. Moreover, because Zheng was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).